**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARTHUR ESPINOZA,

      Petitioner-Appellant,

v.

JUANITA NOVAK and ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents-Appellees.

No.  00-1351
(D.C. No. 00-Z-1383)
(D. Colo.)

---

**ORDER AND JUDGMENT**  *

---

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Arthur Espinoza appeals the district court's order dismissing as untimely his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Because petitioner has not made a substantial showing that the district court's procedural ruling is debatable, we deny his application for a certificate of appealability, and dismiss the appeal.

Petitioner is currently serving a life sentence in the custody of the Colorado Department of Corrections. In 1990, while on escape status, he was arrested and charged with the armed robbery of a convenience store. Petitioner was provided an attorney from the public defenders' office who represented him during trial.

Petitioner was convicted of aggravated robbery after a jury trial. In September 1990, he received a life sentence based on an enhancement for committing the crime while on escape status and three counts of being an habitual criminal. Petitioner appealed, and on October 8, 1992, the Colorado Court of Appeals affirmed his conviction, but vacated his sentence and remanded for a proportionality review. The Colorado Supreme Court denied certiorari review on June 21, 1993. On February 18, 1994, the state district court issued its order denying petitioner's motion for extended proportionality review, and he appealed. The Colorado Court of Appeals affirmed on March 6, 1997, and the Colorado Supreme Court denied certiorari review on October 6, 1997.

On June 19, 1998, petitioner filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). The state district court denied petitioner's motion on the ground that it was time barred. The Colorado Court of Appeals affirmed on July 8, 1999, holding that even if the motion was not time barred it was insufficient to show ineffective assistance of counsel. Petitioner failed to file his petition for certiorari review within the forty-five day period following the court of appeals' affirmance. On October 20, 1999, he filed a motion for leave to file a certiorari petition out of time, which was granted, and his petition for certiorari was denied on March 13, 2000.

On June 30, 2000, petitioner filed a petition for a writ of habeas corpus in the federal district court, alleging that his trial counsel was ineffective. The district court ordered petitioner to supplement his petition with information regarding the date he filed for post-conviction relief and any other information relevant to the timeliness of his petition. After receiving petitioner's supplement, the district court denied the habeas petition as untimely. Petitioner appealed.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which substantially amended the process of applying for habeas relief. Under AEDPA, a prisoner must obtain a certificate of appealability as a prerequisite to appellate review, 28 U.S.C. § 2253(c), by making a substantial showing of the denial of a constitutional right. Where, as

here, the district court dismisses a habeas petition on a procedural ground, the prisoner must show both "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Each of these steps is "part of a threshold inquiry" that must be satisfied before the court of appeals may hear the appeal. *Id.* at 485.

We examine first whether defendant has made a substantial showing that the district court erred in dismissing his habeas motion as untimely. AEDPA imposed a one-year limitation on a prisoner's right to apply for habeas relief, running from the date the prisoner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). Petitioner has filed documents in this court showing that the district court was incorrect in concluding that his conviction became final before the enactment of AEDPA. We need not address the effect of filing such documentation for the first time on appeal because, even if petitioner's conviction did not become final until October 6, 1997, his habeas petition was still untimely.

Using the date of October 6, 1997, as the date petitioner's conviction became final, he had until October 6, 1998, to file his habeas petition, absent tolling of the limitations period. Pursuant to § 2244(d)(2), the limitations period is tolled by "[t]he time during which a properly filed application for State

post-conviction or other collateral review . . . is pending." Thus, the limitations period was tolled by petitioner's filing of his Rule 35(c) motion with the state district court on June 19, 1998. At this time, two hundred and fifty-five days of the limitations period had already run.

Under our case law, petitioner's state post-conviction proceeding was "pending" until August 22, 1999, which is the last date he could have filed for certiorari review of the denial of relief. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). The limitations period then began to run, and it was not tolled until fifty-nine days later when petitioner filed his motion for leave to file a certiorari petition out of time on October 20, 1999. *Id.* at 807. This motion tolled the limitations period until the Colorado Supreme Court denied certiorari review on March 13, 2000. Petitioner then had fifty-one days in which to file his federal habeas petition, that is, until May 3, 2000. He did not file his petition until June 30, 2000, which was fifty-eight days after the limitations period expired. Thus, even accepting that the district court used the wrong date in determining when petitioner's conviction was final, its conclusion that the habeas petition was untimely is correct.

Because petitioner has not made the threshold showing that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling, we need not address whether he made a substantial showing of the denial of a constitutional right.    *Slack*, 529 U.S. at 485.

Petitioner's motion to proceed in forma pauperis is granted, his application for a certificate of appealability is denied, and the appeal is dismissed.

Entered for the Court


Stephanie K. Seymour
Circuit Judge