**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID HAROLD EUGENE EARLS,

     Petitioner - Appellant,

v.

GLYNN BOOHER, Warden,

     Respondent - Appellee.

No. 02-7017
(D.C. No. 01-CV-255-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **EBEL** and **LUCERO**, Circuit Judges.

In his pro se habeas appeal, Appellant challenges the district court's denial

of his § 2254 petition as untimely under AEDPA. Exercising our jurisdiction

pursuant to 28 U.S.C. § 1291, we deny Appellant's motion for a Certificate of

Appealability (COA) and dismiss this appeal.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

In February 1996, Appellant pled guilty to assault and battery with a dangerous weapon, after former conviction of two or more felonies. He was sentenced to twenty years incarceration and did not file a motion to withdraw the plea or file a direct appeal. He did not seek post-conviction relief until December 30, 1998, and both of his state post-conviction actions and appeals were unsuccessful. The district court denied Appellant's request for a COA, finding that Appellant's habeas petition, filed on May 7, 2001, was barred by AEDPA's statute of limitations by more than four years, as the AEDPA deadline required that a habeas petition be filed by April 23, 1997. On appeal, Appellant urges this court to find that the limitations period for filing his habeas petition should be equitably tolled, arguing that his competency was evaluated during the state proceedings using the wrong standard.

We, like the district court, find Appellant's equitable tolling argument unavailing, and we affirm substantially for the reasons stated by the district court. The Supreme Court opinion that Appellant claims changed the standard used when evaluating competency, Cooper v. Oklahoma, 517 U.S. 348 (1996), was decided on April 16, 1996, over a year before Appellant's deadline for filing a habeas petition expired. Further, this court has held that AEDPA's one-year statute of limitations is subject to equitable tolling "only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (internal

quotations and citations omitted). Appellant does not present any evidence that he was incompetent under the Cooper standard, instead asserting that his allegations of incompetency should toll the limitations period. However, "mere allegations" of incompetency when entering a guilty plea do not present extraordinary circumstances warranting equitable tolling. Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001).

Therefore, we DENY Appellant's request for a COA and DISMISS this appeal. We further deny Appellant's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge