**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ABRON ARRINGTON,

      Petitioner - Appellant,

v.

MICHAEL WILLIAMS; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 01-1529
(D.C. No. 01-Z-1447)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

      [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding *pro se*, Abron Arrington seeks a certificate of appealability ("COA") from this court so he can appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). In 1990, a Colorado jury found Arrington guilty of first degree murder, aggravated robbery, second degree burglary, and three counts of crime of violence. Arrington appealed, arguing that the prosecution improperly struck the only remaining black juror from the venire panel. Arrington's conviction was reversed by the Colorado Court of Appeals and the matter remanded for a new trial. *See People v. Arrington*, 843 P.2d 62 (Colo. Ct. App. 1992). Arrington was retried and again convicted; his conviction was affirmed on appeal.

Pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, Arrington filed a Motion to Vacate Conviction with the state district court in El Paso County, Colorado (the "Rule 35(c) motion"). Arrington's motion was denied on July 17, 2000. The record reveals that the court's order denying the Rule 35(c) motion was forwarded to Arrington by his counsel on August 15, 2000. According to Arrington, he received the district court's order and his attorney's letter on August 28, 2000. Arrington then wrote to his attorney requesting his

case file and indicating that he intended to appeal the district court's denial of the Rule 35(c) motion.

Arrington filed a notice of appeal on October 10, 2000 which was accepted by the Colorado Court of Appeals as timely filed and he was granted leave to proceed *in forma pauperis* on appeal. The Colorado Court of Appeals' Register of Actions indicates that Arrington filed his *pro se* opening brief on January 5, 2001 and that the brief was stricken pursuant to an order dated January 26, 2001 because court records indicated Arrington was represented on appeal by the state public defender's office. After a protracted campaign by Arrington to proceed *pro se*, Arrington's counsel withdrew[1] and his *pro se* opening brief was finally accepted by the Colorado Court of Appeals. On June 13, 2002, the Colorado Court of Appeals entered an order affirming the state district court's denial of Arrington's Rule 35(c) motion.

On June 27, 2001, before the issue of his *pro se* status was resolved by the Colorado Court of Appeals and before that court considered his appeal on the merits, Arrington filed the instant § 2254 habeas petition in federal district court. Arrington raised two issues in his petition: (1) that his trial counsel rendered

---

[1]It appears that the Colorado Court of Appeals allowed Arrington's first appellate attorney from the Colorado Public Defender's Office to withdraw on October 3, 2001 and on the same day appointed another attorney through the Office of Alternative Defense Counsel. Arrington's second attorney was allowed to withdraw on November 9, 2001. Arrington then proceeded *pro se* on appeal.

constitutionally ineffective assistance and (2) that he was denied a fair trial because the prosecution withheld material, exculpatory evidence. Because Arrington's appeal from the denial of his Rule 35(c) motion was not yet final, the court ordered Arrington to show cause why his § 2254 petition should not be dismissed for failure to exhaust state post-conviction remedies. The court also instructed Arrington to show cause why his § 2254 petition was not barred by the one-year statute of limitations applicable to federal habeas corpus petitions. *See* 28 U.S.C. §2244(d).

Arrington filed a response to the court's order to show cause, arguing that he was prevented from pursuing his claims before the Colorado Court of Appeals because they refused to allow him to proceed *pro se*. He also argued that his federal habeas was timely and provided support for his assertion that his conviction did not become final until after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). After considering Arrington's response, the district court concluded that he had failed to exhaust his state remedies but that it would not deny his § 2254 petition on that basis because it was clear that he no longer had an adequate and effective remedy available in state court. The district court, however, concluded that Arrington's claims were procedurally barred and he had failed to overcome the bar by demonstrating cause for the default and actual prejudice or that the failure to consider his claims

would result in a fundamental miscarriage of justice. The court dismissed the § 2254 petition without ruling on the timeliness issue or addressing the merits of the claims raised by Arrington.

Before he is entitled to a COA, Arrington must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because his § 2254 petition was dismissed on procedural grounds, Arrington may make this showing by demonstrating "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In his application for a COA and appellate brief filed with this court, Arrington again argues that he was prevented from pursuing state post-conviction relief because he was not allowed to proceed *pro se* before the Colorado Court of Appeals. The application and brief, however, were filed shortly after the Colorado Court of Appeals allowed him to proceed *pro se* and before that court subsequently disposed of his appeal on the merits. Arrington also argues that he has demonstrated both cause for any procedural default and actual prejudice. Further, he argues that the failure to consider his claims on the merits would result in a fundamental miscarriage of justice because he is actually innocent.

Because of the unusual posture of this case, at the time it was presented to the district court the court lacked all the information necessary to fully evaluate whether Arrington's claims are procedurally barred and whether his § 2254 petition was timely filed. Based on the information currently before this court, we conclude that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* We have also taken a "quick look" at the substantive claims raised in Arrington's § 2254 petition and further conclude that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.*; *see also Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000). Accordingly, we **grant** Arrington a COA on the issues of whether the claims raised in his § 2254 petition are procedurally barred and whether his petition is timely filed. The matter is **remanded** to the district court with instructions to **vacate** its order dismissing Arrington's § 2254 petition and to re-examine whether Arrington's claims are procedurally barred[2] and whether his § 2254 petition was timely. This court expresses no opinion on the resolution of those issues or the ultimate disposition

---

[2]Nothing in the record before this court indicates whether Arrington filed a petition for a writ of certiorari with the Colorado Supreme Court after the Colorado Court of Appeals affirmed the denial of his Rule 35(c) motion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims). The district court may find it necessary to address this issue on remand.

-6-

of the substantive claims raised in Arrington's petition. If, however, the district court concludes that it is appropriate to address the merits of Arrington's claims, it must apply the standard dictated by the AEDPA. *See Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999) ("Under the AEDPA, a state prisoner will be entitled to federal habeas corpus relief only if he can establish that a claim adjudicated by the state courts resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." (quoting 28 U.S.C. § 2254(d))).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge