F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ANTHONY SCOTT WILLIAMS

    Petitioner - Appellant,

v.

GLYNN BOOHER, Warden,

    Respondent - Appellee.

No. 02-6078

(D.C. No. 01-CV-1057-M)

(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se 28 U.S.C. § 2254 prisoner appeal. Mr. Williams pled guilty to indecent exposure after conviction of a felony and is currently serving a ten-year prison sentence. He filed a motion to vacate, set aside, or correct his state

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court judgment. The district court judge adopted the magistrate judge's recommendation to deny the motion because Mr. Williams did not file his motion within one year as required by the Anti-Terrorism and Effective Death Penalty Act. Finding no merit in Mr. Williams' argument, the court declined to grant him a certificate of appealability. He then applied to this court for a COA.

In order for this court to grant a COA, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

As noted in the magistrate judge's recommendation, Mr. Williams' § 2254 petition was filed outside of the one-year limitations period set out in the AEDPA (in effect since April 24, 1996). The one-year period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Pursuant to Oklahoma law, a conviction on a guilty plea is final unless appealed within ten days from the date of the pronouncement of the judgment and sentence. See Rule 4.2(A), Rules of the Oklahoma Court of

Criminal Appeals, Okla. Stat. tit. 22, Ch. 18 (App. (2001). Mr. Williams pled guilty on June 18, 1999, and did not seek to withdraw his plea; consequently, his conviction became final on June 28, 1999. Thus, Mr. Williams was required to file his petition for federal habeas corpus relief prior to June 28, 2000. His petition filed on July 9, 2001, is clearly untimely. See Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's convictions were not appealed and, therefore, became final ten days after entry of the judgment and sentence) (citations omitted).

Petitioner's claim is not subject to either the tolling provision pursuant to 28 U.S.C. § 2244(d)(2) or to the equitable tolling provision pursuant to AEDPA. Petitioner's claim does not toll according to 28 U.S.C. § 2244(d)(2) because his application for post-state relief was filed outside the one-year limitation period and petitioner has not met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling outlined in the AEDPA. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner has failed to raise a debatable issue; therefore, we DENY his request for a certificate of appealability and DISMISS.  Appellant's motion to proceed without prepayment of the filing fee is GRANTED.

Entered for the Court


Monroe G. McKay
Circuit Judge