**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY STANLEY,

        Petitioner - Appellant,

v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility;
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

        Respondents - Appellees.

No. 05-3100

(D.C. No. 05-CV-3019-SAC)

(D. Kansas)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Pro se Applicant Danny Stanley filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas on January 14, 2005. He is currently serving a 144-month sentence for his 1996 conviction in Kansas state court. The application raises claims of ineffective assistance of counsel and double jeopardy.

The district court dismissed Applicant's application as untimely when he failed to show cause, as required by the district court's January 20, 2005, order, for his failure to file his application within the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

*See* 28 U.S.C. § 2244(d)(1).  Applicant filed a notice of appeal, requested the district court to issue a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring a COA to appeal), and moved for leave to proceed *in forma pauperis* (IFP).  The district court granted the IFP motion but denied the COA application.  Applicant seeks from this court a COA allowing him to proceed with his habeas application.  *Id.*  Because the district court correctly dismissed the habeas application as time-barred, we deny the application for a COA.

Under the AEDPA " [a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the [applicant] should be allowed to proceed further."  *Id.*  We recognize that in determining

whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

The AEDPA imposes a one-year time limit for state prisoners to file an application for habeas corpus once the state conviction becomes final. 28 U.S.C § 2244(d)(1). Because Applicant's January 1996 conviction became final prior to the passage of AEDPA, he had one year from its effective date of April 24, 1996, to file his habeas corpus application. *Adams v. LeMaster,* 223 F.3d 1177, 1180 (10th Cir. 2000). Applicant filed no federal claim for relief until his January 14, 2005, application for habeas corpus. Although AEDPA's one-year limitations period may be tolled during the pendency of state postconviction review, 28 U.S.C. § 2244(d)(2), Applicant filed no pleadings for review in state court until June 13, 2002 ( a petition for writ of mandamus).

Applicant argues that AEDPA's time limitation should be equitably tolled because his attorney failed to file a direct appeal despite Applicant's instruction to do so. But equitable tolling is appropriate "only in rare and exceptional circumstances," such as "when a prisoner is actually innocent," or "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a

defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citations omitted). An applicant must be diligent in filing his own claims, and misplaced reliance on an attorney does not explain why Applicant did not file his first postconviction pleading until six years after his conviction.

Although Applicant is correct in his assertion that an attorney's failure to file a requested appeal constitutes ineffective assistance of appellate counsel, *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), he is incorrect in assuming that counsel's ineffectiveness is always a "rare and exceptional circumstance" worthy of equitable tolling. Applicant has not alleged circumstances that prevented him from discovering his counsel's failure to file the direct appeal for the six years from the date of his conviction to the filing of his first postconviction pleading. It cannot be said that Applicant has diligently pursued his federal claims.

For the same reasons, Applicant cannot obtain the benefit of 28 U.S.C § 2244(d)(1)(D), which allows for statutory tolling of the one-year limitations period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." It should not have taken Applicant a matter of years to realize that his attorney had failed to pursue the allegedly requested appeal.

Because the district court's procedural ruling would not be debatable among jurists of reason, we DENY Applicant's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge