**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

September 6, 2006

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

LAVONE B. BARRON,

      Petitioner - Appellant,

      v.

JOE ORTIZ, Executive Director,
Colorado Department of Corrections,
and the ATTORNEY GENERAL OF
THE STATE OF COLORADO,

      Respondents - Appellees.

No. 06-1118

(D. Colorado)

(D.C. No. 05-cv-2609-ZLW)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

      Lavone B. Barron, a Colorado state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's order denying his 28 U.S.C. § 2254 petition for habeas corpus as untimely filed. Mr. Barron also seeks to proceed in forma pauperis ("IFP"). In that § 2254 petition, Mr. Barron alleged a violation of his speedy trial rights, unlawful restraints, and lack of jurisdiction by the state courts. For substantially the same reasons set forth by the district court in its well-reasoned order, we deny Mr. Barron's application for a COA and dismiss this matter.

# I. BACKGROUND

According to his § 2254 petition, Mr. Barron was convicted of two counts of second-degree burglary in the Denver County District Court. On October 6, 2000, he was sentenced to two concurrent forty-eight year sentences. Mr. Barron states that he filed an unsuccessful direct appeal. He contends the Colorado Supreme Court denied his writ of certiorari on August 26, 2002, and the district court noted that he did not seek review in the United States Supreme Court.

Mr. Barron states that he did not file a postconviction motion in state court, however, the district court found he did file a petition in state court for a writ of habeas corpus alleging wrongful restraint in the Department of Corrections through November 10, 2005. The district court concluded the petition was necessarily filed sometime between November 10, 2005 and November 29, 2005, the date on which the court denied the petition.

On December 12, 2005, Mr. Barron filed this § 2254 petition in federal court.[1] After determining that Mr. Barron's conviction became final on November 26, 2002, the district court denied the petition as time-barred under the one-year limitation period established by 28 U.S.C. § 2244(d). The district court also noted that Mr. Barron did not present any exceptional circumstances that

---

[1] Mr. Barron's petition was received by the district court on December 12, 2005, but not stamped "filed" until December 23, 2005.

might warrant equitable tolling. Finally, the district court also concluded that, even if the petition was not time-barred, that Mr. Barron failed to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). The district court denied Mr. Barron a COA and this request followed.

## II. DISCUSSION

A COA can only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a district court has dismissed a habeas petition on procedural grounds, a certificate will only issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In his COA application before us, Mr. Barron does not address the untimeliness of his petition, and he does not raise equitable tolling. Instead, Mr. Barron focuses on his underlying

claims regarding his speedy trial rights, unlawful restraints, and lack of jurisdiction by the state courts.

Based on our review of the record on appeal, the district court's order, and Mr. Barron's submissions to this court, we are not persuaded jurists of reason would disagree with the district court's disposition of Mr. Barron's § 2254 petition. In sum, reasonable jurists would agree with the district court that Mr. Barron's case does not present "rare and exceptional circumstances" warranting equitable tolling under 28 U.S.C. § 2244(d). *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). Accordingly, we DENY Mr. Barron's request for a COA, DENY his motion to proceed IFP, and DISMISS the matter.

Entered for the Court,


Robert H. Henry
Circuit Judge