**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOE BROOKS DAVIS,

        Petitioner-Appellant,

    v.

JOE ORTIZ, Executive Director,
Colorado Department of Corrections
and JOHN SUTHERS, Attorney
General of the State of Colorado,

        Respondents-Appellees.

No. 07-1129

District of Colorado

(D.C. No. 06-CV-02398-ZLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

    Joe Brooks Davis, a state prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. §

2253(c)(1)(A). Because we conclude that Mr. Davis has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request for

a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

    [*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

**Background**

In 1992 Mr. Davis entered an *Alford* plea to one count of theft. See *North Carolina v. Alford*, 400 U.S. 25 (1970). He was sentenced to eight years in prison and is currently incarcerated at the Trinidad Correctional Facility in Trinidad, Colorado. According to his habeas petition, Mr. Davis has filed four postconviction motions in state court. He filed the first post conviction motion in state court in May 1994; it was pending until July of 1994. He filed the second postconviction motion in July 1997; it was pending until November 1999. He filed the third postconviction motion in November 1998; it was pending until April 2000. And in December 2003 he filed his fourth postconviction motion; it was pending until September 2006. In November 2006, Mr. Davis filed an application for a writ of habeas corpus with the United States District Court for the District of Colorado. The district court denied the application on the ground that the one year statute of limitation period had expired. Mr. Davis now seeks a COA allowing him to appeal from the district court's order.

**Discussion**

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists

could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where, as here, the district court denies a habeas petition on procedural grounds,

> a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We deny Mr. Davis's request for a COA because the one year statute of limitations for an application for a writ of habeas corpus has expired, and no reasonable jurist could find otherwise. *See* 28 U.S.C. § 2244(d)(1). Because Mr. Davis was convicted before AEDPA was enacted, the statute of limitations began to run for purposes of this application on April 24, 1996. 28 U.S.C. § 2244. During that year, no motions for postconviction relief were pending.

Mr. Davis argues that the period from April 1996 to June 1997 should be tolled because he was incarcerated in Arizona and did not have access to Colorado statutory materials. We need not determine whether this satisfies the "reasonable diligence" standard for equitable tolling, however, because even if we were to toll the statute of limitations for the first year, Mr. Davis has failed to demonstrate

that any properly filed postconviction motion was pending between April of 2000 and December of 2003.

Mr. Davis argues that the entire period from July 1997 to September 2006 should be tolled because in his July 1997 postconviction motion he raised twelve claims for relief, but his attorney chose only to pursue one of the claims. Mr. Davis argues that we should treat the other eleven claims as "pending" until they were addressed following his December 2003 postconviction motion, even though they had not been presented to any court for decision during that time. We find this suggestion wholly unpersuasive.

Mr. Davis cites *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), for the proposition that the statute of limitations is "tolled during the period in which the petitioner could have sought an appeal under state law" whether or not he actually did. *Id.* This does not help his case, however, because *Gibson* addresses the time for taking an appeal, not the time for filing a motion for post conviction relief. We agree with the district court that the statute of limitations was not tolled during this period because no properly filed postconviction motion was pending.

## Conclusion

We therefore **DENY** Mr. Davis's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge

-4-