FILED
United States Court of Appeals
Tenth Circuit

April 2, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSHUA STUMP,

      Petitioner-Appellant,

  v.

STATE OF OKLAHOMA;
OKLAHOMA DEPARTMENT OF
CORRECTIONS; LENORA JORDAN,
Warden,

      Respondents-Appellees.

No. 07-6109

(W.D. Okla.)

(D.C. No. CIV-05-397-R)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **HENRY**, Chief Circuit Judge, **TYMKOVICH** and **HOLMES**, Circuit
Judges.

Joshua Stump, an Oklahoma state prisoner represented by counsel, seeks a

certificate of appealability ("COA") to appeal the district court's order dismissing

as time-barred his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.  For

substantially the same reasons set forth by the magistrate judge in her

well-reasoned report and recommendation, we agree that Mr. Stump's petition is

time-barred, deny his application for a COA, and dismiss this matter.

## I. BACKGROUND

On April 25, 1996, Mr. Stump pleaded guilty to one count of second-degree murder in the District Court of Lincoln County, Oklahoma.  The court sentenced him to seventy-five years' imprisonment.

Mr. Stump did not file a motion to withdraw his guilty plea, and he did not file a direct appeal of his conviction or sentence.  However, on February 13, 2004, Mr. Stump filed an application for post-conviction relief in the Lincoln County District Court.  That court denied the post-conviction motion on March 1, 2004.  Mr. Stump then filed an appeal of that decision in the Oklahoma Court of Criminal Appeals (OCCA).  On April 26, 2004, the OCCA affirmed the denial of post-conviction relief.

Subsequently, on April 8, 2005, Mr. Stump filed the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus in the federal district court.  Mr. Stump alleged that his April 1996 guilty plea was not knowing and voluntary because it was based on his counsel's "unfulfilled assurances."   Aplt's App. at 8 (Report and Recommendation, filed Feb. 28, 2007) (quoting Petition).  In particular, Mr. Stump asserted that his counsel had told him that if he pleaded guilty, "he would be out of prison in seven (7) to nine (9) years."  Id.

Following the recommendation of a magistrate judge, the district court dismissed Mr. Stump's petition as time-barred.  The court held that Mr. Stump

had not filed the petition within the one-year period set forth in 28 U.S.C. § 2244(d)(1)(A) and that neither statutory nor equitable tolling was warranted. Mr. Stump appealed that decision to this court, and, on July 6, 2006, we remanded the case to the district court and directed it to address the following question: "Whether a petitioner, alleging that he received mistaken advice from his counsel regarding parole eligibility, exercises due diligence under [28 U.S.C.] § 2244(d)(1)(D) if he does not file a habeas petition until the asserted parole release date." Aplt's App. at 9 (quoting Order filed July 6, 2006) (alterations in Report and Recommendation).

On remand, the district court referred the case to a magistrate judge, who again concluded that Mr. Stump's petition was time-barred. The magistrate judge reasoned as follows: Mr. Stump pleaded guilty and was sentenced on April 25, 1996, and he did not attempt to withdraw his guilty plea within the ten-day period provided by Oklahoma law. See Aplt's App. at 11 (Report and Recommendation, citing Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals). Therefore, his conviction became final on May 6, 1996. See id. at 11 n.3 ("The tenth calendar day fell on May 5, 1996, which was a Sunday. Thus, Petitioner's convictions became final on the following business day, which was Monday, May 6, 1996. See OKLA. STAT. tit. 12 § 2006(A)"). However, Mr. Stump did not file his habeas petition until April 8, 2005, nearly eight years beyond the

expiration of the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1)(A).

The magistrate judge then addressed the question we posed in our order of remand. She observed that the respondents had produced documents showing that, in 1996, corrections officials scheduled Mr. Stump's initial parole hearing date for March 2004. If Mr. Stump had been released in March 2004, the promise allegedly made by his attorney at the time of the guilty plea would have been fulfilled: Mr. Stump would have served approximately eight years in prison, a period within his attorney's seven to nine year estimate.

However, the magistrate judge continued, the respondents produced additional documents that notified Mr. Stump in 1998 and 1999 "that his parole eligibility had been changed to a later date–February 2007." Aplt's App. at 12-13.

> [U]nder the circumstances of this case, [Mr. Stump] was reasonably charged with the knowledge that[,] at least by May 19, 1999, that he would not be considered for parole much less released on parole within seven to nine years of his 1996 conviction. Once [Mr. Stump] was notified in May of 1999 that his initial parole hearing was set for February of 2007, he surely knew he would not be released on parole in 2005 as promised by trial counsel. [Mr. Stump] offers no reasonable explanation for waiting almost five years to begin raising his claim.
>
> Therefore, . . . [Mr. Stump], acting with reasonable diligence, either knew, or could have discovered through the exercise of due diligence, the facts underlying his federal habeas claim on or before May 19, 1999, not some

> later date when [Mr. Stump] may have discovered a legal argument concerning his ineffective assistance of counsel claim.

Aplt's App. at 14 (footnotes omitted).

The magistrate judge further concluded that neither statutory nor equitable tolling of the limitations period was warranted. The district court again adopted the report and recommendation and concluded that Mr. Stump's petition was time-barred.

## II. DISCUSSION

In order to obtain a COA, Mr. Stump must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." Id. at 338.

### A. Limitations Period

Here, as the magistrate judge observed, Mr. Stump's petition is governed by the limitations period set forth in 28 U.S.C. § 2244(d)(1), which provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Stump contends that his habeas petition is timely under § 2244(d)(1)(D). However, like the magistrate judge, we are not persuaded that it was only after the end of the seven-to-nine year period of incarceration that the factual predicate of Mr. Stump's ineffective assistance of counsel claim "could have been discovered through the exercise of due diligence." Id.

As the magistrate judge reasoned, the documents offered by the respondents established that corrections officials informed Mr. Stump no later than May 19, 1999, that he would not be considered for parole until February 2007 – "almost two years longer than counsel's seven to nine year time frame." Aplt's App. at 14. Mr. Stump has offered no colorable argument why his claim did not accrue when he was notified of the February 2007 parole date. He does not contend that

-6-

he did not understand the documents, that they were ambiguous, or that he could not have reasonably determined from them that he would be incarcerated for a longer period of time than promised by his trial counsel. Thus, the factual predicate of Mr. Stump's claim was discoverable no later than May 19, 1999, when he received the notice of the March 2007 parole date. Cf. Okla. Federated Gold & Numismatics, Inc. v. Blodgett, 24 F.3d 136, 139-40 (10th Cir. 1994) (noting that a pro se litigant could not convincingly maintain that he was unaware of the need to comply with court orders and the consequences of his failure to do so). Mr. Stump had one year from May 19, 1999, to file his federal habeas petition. However, he did not file this case until April 8, 2005, well after the limitations period expired.

### B.  Equitable Tolling

In his appellate brief, Mr. Stump's counsel argues that equitable tolling of the limitations period is warranted. He asserts that "[Mr. Stump] is entitled to equitable tolling because even though he may have been given information of the change in his parole date and even though he may have signed his adjustment reviews, etc., he was still counting on the fact that what his trial attorney told him was going to happen." Aplt's Br. at 14-15.

Section 2244's one-year statute of limitations is subject to equitable tolling only in rare and exceptional circumstances. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). "Equitable tolling would be appropriate, for example, when a

prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (internal citations omitted). "Simple [e]xcusable neglect is not sufficient." Id. Additionally, "a petitioner must diligently pursue his federal habeas claims." Id.

Here, Mr. Stump's contention that he continued to rely on the assurances of his counsel does not meet this high standard. We therefore conclude that he is not entitled to equitable tolling of the limitations period.

### III. CONCLUSION

We therefore DENY Mr. Stump's application for a COA and DISMISS this matter.

Entered for the Court,


Robert H. Henry
Chief Circuit Judge