FILED
United States Court of Appeals
Tenth Circuit

July 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CLARK EUGENE PERRY,

         Petitioner - Appellant,

v.

MANUEL PACHECO; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

         Respondents - Appellees.

No. 12-2068
(D.C. No. 1:11-CV-00841-WJ-LFG)
D. New Mexico

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

---

Clark Eugene Perry, a New Mexico state prisoner proceeding *pro se,* seeks

a certificate of appealability ("COA") so he can appeal the district court's

dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See*

28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order

disposing of a § 2254 petition unless the petitioner first obtains a COA). In 2006,

a New Mexico jury found Perry guilty of second degree murder, conspiracy to

commit second degree murder, armed robbery, conspiracy to commit armed

robbery, kidnaping, and conspiracy to commit kidnaping. He was sentenced as a

habitual criminal offender to a term of ninety-five years, twenty years of which were suspended.

Perry's appeal of his convictions and sentence was denied by the New Mexico Court of Appeals on April 7, 2009. Perry did not file a petition for a writ of certiorari with the New Mexico Supreme Court. His state petition for post-conviction relief was not filed until May 19, 2011, more than two years after his convictions became final. The state petition was summarily dismissed by the state district court and Perry's petition for writ of certiorari was denied by the New Mexico Court of Appeals.

Perry filed this federal habeas corpus action on September 20, 2011. In his § 2254 petition, Perry alleged ineffective assistance of counsel, a violation his Fifth Amendment rights, and numerous trial errors. Respondent, *inter alia*, moved to dismiss Perry's habeas action as time-barred, arguing it was filed after the expiration of the one-year limitations period established by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d) (setting forth a one-year statute of limitations for § 2254 applications). The district court concluded Perry's convictions became final on May 8, 2009, and the one-year limitations period expired on May 10, 2010.[1] Perry did not argue his § 2254

---

[1]The limitations period was not statutorily tolled while Perry sought state post-conviction relief because he did not pursue that avenue of relief until May 19, 2011, more than one year after his convictions became final. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

petition was timely; instead, he asserted he was entitled to equitable tolling because of his appellate counsel's negligent failure to file a petition for a writ of certiorari with the New Mexico Supreme Court and his ignorance of the law. The district court conducted a lengthy and comprehensive analysis of Perry's arguments and concluded he did not meet the standard for equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (stating equitable tolling of AEDPA's one-year limitations period is available "only in rare and exceptional circumstances" and only to those petitioners who diligently pursue their federal habeas claims (quotation omitted)). Accordingly, the court dismissed Perry's habeas petition.

To be entitled to a COA, Perry must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

This court has reviewed Perry's appellate brief and application for COA, the magistrate judge's recommendation, the district court's order, and the entire

record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Perry is not entitled to a COA. No jurist of reason could debate whether the district court abused its discretion in refusing to equitably toll the one-year limitations period. Because the district court's resolution of Perry's habeas application is not reasonably subject to debate and his claims are not adequate to deserve further proceedings, Perry has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Perry's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge