FILED
United States Court of Appeals
Tenth Circuit

December 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL D. CHAPPELL,

        Petitioner - Appellant,

v.

WILLIAM MONDAY, Warden,

        Respondent - Appellee.

No. 13-6178
(D.C. No. 5:13-CV-000231-M)
(W.D. Oklahoma)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

Proceeding *pro se*, Oklahoma state prisoner Michael D. Chappell seeks a certificate of appealability ("COA") so he can appeal the district court's denial of the habeas petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).

In 2003, Chappell pleaded guilty to forgery and possession of a false identification card ("Case No. CF-2002-6646"). All but the first three years of his five-year sentence were suspended. In 2005, Chappell pleaded guilty to larceny of an automobile after a prior felony conviction. Based on that charge,

his suspended sentence in Case No. CF-2002-6646 was revoked. He was sentenced in both matters on July 15, 2008. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment on September 18, 2009, and Chappell did not seek review in the United States Supreme Court. Thus, his conviction and sentence became final ninety days later on December 17, 2009. Chappell filed a state application for post-conviction relief on October 25, 2010, approximately two months before the one-year statute of limitations expired. *See* 28 U.S.C. § 2244(d)(1) (setting forth a one-year statute of limitations for § 2254 applications). The OCCA denied relief on March 6, 2012.

Chappell filed the instant § 2254 petition on March 7, 2013, approximately ten months after the statute of limitations expired. *See id*. § 2244(d)(2) (providing for statutory tolling of the limitations period for the "time during which a properly filed" state petition for collateral relief is pending). In the petition, Chappell argued his sentenced was improperly enhanced by a prior conviction and asserted court documents had been altered to "cover up" his allegedly illegal sentence. He also raised claims of ineffective assistance of trial and appellate counsel. Respondent moved to dismiss Chappell's habeas petition, arguing, *inter alia*, it was untimely because it was filed after the expiration of the one-year limitations period established by the AEDPA. The matter was referred to a magistrate judge who recommended the petition be dismissed because it was untimely and Chappell failed to show any entitlement to equitable tolling. *See*

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'"). Chappell filed timely objections to the magistrate judge's recommendation and those objections were considered *de novo* by the district court. The court, however, adopted the magistrate judge's recommendation and dismissed Chappell's § 2254 petition as untimely.

To be entitled to a COA, Chappell must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Chappell's § 2254 petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal.

We **deny** Chappell's request for a COA and **dismiss** this appeal. Chappell's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-