FILED
United States Court of Appeals
Tenth Circuit

August 24, 2020

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

KENNETH R. HEDDLESTEN,

    Petitioner - Appellant,

v.

SCOTT CROW, Director,

    Respondent - Appellee.

No. 20-6102
(D.C. No. 5:20-CV-00438-R)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Petitioner, an Oklahoma state prisoner proceeding pro se, filed a habeas petition pursuant to 28 U.S.C. § 2254 in the Western District of Oklahoma. Therein, he alleged: (1) he received ineffective assistance of counsel during his state criminal and appellate proceedings; (2) the judge who presided over his criminal proceedings should have recused; (3) the prosecuting attorney was biased; and (4) his sentence is in violation of ex post facto laws. Thereafter, the magistrate judge issued a Report and Recommendation, which sua sponte recommended that the district court dismiss the habeas petition as untimely. After overruling Petitioner's objections to the magistrate judge's

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recommendation, the district court adopted the recommendation in its entirety, dismissed Petitioner's habeas application as time-barred, and denied a certificate of appealability ("COA"). Now, Petitioner seeks a COA from this court.

If the district court dismisses a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, a COA will issue when the petitioner shows "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" *and* "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The petitioner must satisfy both parts of this threshold inquiry before we will hear the merits of the appeal. *Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000).

For the reasons explained below, no reasonable jurist could conclude the district court's procedural ruling was incorrect. Petitioner's claims are untimely under 28 U.S.C. § 2244(d), and he is not entitled to statutory or equitable tolling. Therefore, exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Petitioner's application for a COA and dismiss this appeal.

\* \* \*

A petitioner must generally seek habeas relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's convictions became "final" on April 11, 2011, when the time for Petitioner to seek certiorari review with the United States Supreme Court expired. *See Locke v. Saffle*, 237

2

F.3d 1269, 1271 (10th Cir. 2001) (holding that a judgment becomes final when the Supreme Court denies review, or if no petition for certiorari is filed, after the time for filing such petition has passed). Thus, absent statutory or equitable tolling, Petitioner must have filed his habeas petition by April 12, 2012. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file this action until May 2, 2020—more than eight years after the one-year limitations period expired. Accordingly, Petitioner's habeas application is untimely unless he is entitled to statutory or equitable tolling.

Turning first to statutory tolling, the one-year limitations period will be tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). In this case, Petitioner did not file for state post-conviction review until January 3, 2013—more than six months *after* the one-year limitations period expired. Thus, Petitioner is not entitled to statutory tolling.

With respect to equitable tolling, we will toll a petitioner's otherwise untimely claims in "rare and exceptional circumstances." *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (quoting *Gibson*, 232 F.3d at 808). A petitioner may be entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Petitioner's sole claim to equitable tolling arises from his counsel's allegedly deficient performance. Petitioner suggests counsel did not properly investigate his constitutional claims nor present them on direct review. Petitioner thus contends the one-

3

year time bar must be excused because no court has reviewed "all constitutional issues related to [his] conviction[s]."

Petitioner's claim for equitable tolling is without merit. His argument regarding counsel's allegedly deficient performance goes to the merits of his habeas petition—it does not justify his eight-year delay in filing. *See Vue v. Dowling*, 716 F. App'x 749, 752 (10th Cir. 2017) (unpublished) (requiring a petitioner to "provide sufficient evidence that his lawyer's purported negligence prevented him from filing a habeas application within the one-year limitations period"). Petitioner does not explain why counsel's failure to raise certain issues on appeal impacted his ability to seek § 2254 relief, and from our independent review, it did not. The district court thus correctly concluded Petitioner is not entitled to equitable tolling.

* * *

For these reasons, no reasonable jurist could conclude the district court's procedural ruling was incorrect. Petitioner's claims are time-barred, and he is not eligible for statutory or equitable tolling. We therefore deny Petitioner's application for a COA and dismiss this appeal. Petitioner's motion to proceed *in forma pauperis* is granted.

Entered for the Court

Bobby R. Baldock
Circuit Judge

4