**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80257**
**(303) 844-3157**

Elisabeth A. Shumaker                                                    Douglas E. Cressler
        Clerk                                                          Chief Deputy Clerk

January 25, 2006

**TO:**  ALL RECIPIENTS OF THE ORDER DENYING A CERTIFICATE OF
APPEALABILITY

**RE:**  05-6185, *Berry v. Oklahoma*
Filed January 18, 2006

The last sentence of this order should read, "We DENY Mr. Berry's application for a COA and DISMISS the appeal."  A corrected version is attached.

Sincerely,
Elisabeth A. Shumaker, Clerk of Court

By:

Amy Frazier
Deputy Clerk

F I L E D
**United States Court of Appeals
Tenth Circuit**

**January 18, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDALL BERRY,

       Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

       Respondent - Appellee.

No. 05-6185
(D.C. No. 05-CV-00311-C)
(W.D. Okla.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Randall Berry, a state inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal from the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2241. Mr. Berry claims that the Department of Corrections violated the ex post facto clause by failing to promote him in classification levels as a result of a change in policy occurring after his disciplinary action. Mr. Berry contends that the district court wrongly dismissed his appeal as untimely. R. Doc. 9. Because Mr. Berry has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and

dismiss the appeal.

While serving a thirty-five year sentence, a disciplinary committee found Mr. Berry guilty of battery of a staff member resulting in bodily harm, a "Class A" offense. R. Doc. 1 at Ex. 2. Mr. Berry alleges that amendments in Department of Corrections ("DOC") policy on March 19, 1996 and April 9, 1997, changed the class of his misconduct, resulting in his being held at class level two and thus has substantially lengthened his sentence. R. Doc. 1 at 5-6. Mr. Berry filed for habeas relief on March 18, 2005.

The magistrate judge recommended that the petition be dismissed as time barred pursuant to the one-year limitation period in 28 U.S.C. § 2244(d)(1)(D). R. Doc. 6. The one year limitation began to run when the factual predicate of Mr. Berry's claims could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(D). The latest possible date Mr. Berry could have been considered aware of his claims was on December 11, 2003.[1] R. Doc. 1 at Ex. 3. As such, the statute of limitations expired on December 11, 2004. The magistrate judge also rejected equitable tolling because Mr. Berry failed to show extraordinary circumstances justifying tolling; moreover, the lack of diligence with which Mr.

---

[1] We note the magistrate correctly observed that with the exercise of diligence, Mr. Berry's claims would have been known to him much earlier. We need not reach this point however, because it is clear Mr. Berry knew about his claims on December 11, 2003, and thus we need not engage in a review of Mr. Berry's diligence up to that time (or lack thereof).

Berry pursued his claims, makes equitable tolling inappropriate.  See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Where the district court dismisses a petition on procedural grounds, a COA requires the inmate to demonstrate that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the districts court's procedural ruling is correct.  Slack, 529 U.S. at 484; see also Miller-El v. Cockrell, 537 U.S. 322, 337 (2003).  The district court's procedural ruling is not reasonably debatable.

We DENY Mr. Berry's application for a COA and DISMISS the appeal.


Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge