**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL TREVINO,

　　　　Petitioner–Appellant,

　　v.

MICHAEL ARELLANO, Warden,
Arkansas Valley Correctional Facility;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

　　　　Respondents–Appellees.

No. 09-1048

(Case No. 1:05-CV-02567-WYD)

(D. Colo.)

---

**ORDER**[*]

---

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Petitioner, a state prisoner represented by counsel, seeks a certificate of

appealability to appeal the district court's dismissal of his § 2254 habeas petition.

In his petition, he argued that his guilty plea in the state court was invalid because

he was not competent when he pled guilty and that trial counsel was ineffective

for failing to raise this competency issue. The district court initially dismissed

the petition as untimely, but we granted a certificate of appealability and reversed

and remanded the case for further proceedings. *Trevino v. Watkins*, No. 06-1291,

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

225 F. App'x 746, 748 (10th Cir. 2007).  On remand, the district court appointed counsel for Petitioner and ordered additional briefing.  The court ultimately denied the petition, holding that Petitioner had not demonstrated that he was entitled to a writ of habeas corpus under 28 U.S.C. § 2254(d).

To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Petitioner argues that the "state courts ignored or failed to credit evidence indicating that Mr. Trevino suffered from serious, irreversible dementia." (Appellant's Opening Br. at 30.)  However, as the district court noted, the evidence in Petitioner's favor was contradicted by a substantial amount of evidence that Petitioner was competent.  The state trial court's factual finding of competency is presumed correct unless rebutted by clear and convincing evidence. *See Wilson v. Sirmons*, 536 F.3d 1064, 1070-71 (10th Cir. 2008).  And, Petitioner's disagreement with the appropriate weight to be given to the conflicting evidence heard by the state court does not constitute clear and convincing evidence that the state court's finding was incorrect.

Petitioner also argues that the state courts entirely ignored the uncontroverted evidence that he did not remember the events underlying the charges against him, and he argues that the state courts' rulings therefore represented an unreasonable application of *Dusky v. United States*, 362 U.S. 402, 402 (1960). In responding to this argument, the district court noted that the state trial court specifically found that reports indicated that Petitioner was malingering and actively misleading others regarding his condition and its effects. Moreover, the state court had before it evidence that cast doubt on the other evidence that Petitioner did not remember any of the facts of his crime. For instance, one doctor reported that Petitioner said his attorney told him not to talk about the crime with anyone. The doctor stated that Petitioner "went on to say that he did remember some of the events concerning his crime but his attorney had told him not to discuss these." (State Record Vol. 1 at 105.) Furthermore, *Dusky* does not hold, nor does other federal law establish, that failing to remember the facts of a crime renders a defendant incompetent to proceed. The circuits that have considered this question have all concluded that amnesia about a crime does not render a defendant per se incompetent to stand trial. *See United States v. Andrews*, 469 F.3d 1113, 1119 (7th Cir. 2006) (collecting cases); *see also United States v. Borum*, 464 F.2d 896, 898-900 (10th Cir. 1972) (holding that amnesia does not cause a per se deprivation of due process and that the *Dusky* standard was satisfied even if the defendant in this case suffered a genuine loss of

memory).

As for Petitioner's claim that counsel's failure to raise the competency issue constituted ineffective assistance of counsel, the state court of appeals held that this claim must be dismissed because the competency claim upon which it was based lacked merit. The district court agreed with this conclusion below, noting that Petitioner cannot demonstrate prejudice from counsel's failure to raise the competency issue if he was in fact competent. Because we conclude that reasonable jurists would not debate whether Petitioner has rebutted the state court's finding of competency by clear and convincing evidence, we likewise conclude that Petitioner's ineffective assistance claim must necessarily fail.

After carefully reviewing Petitioner's brief, the relevant state court decisions, the district court's disposition, and the record on appeal, we conclude that Petitioner has not met the standard required to obtain a certificate of appealability. For substantially the reasons given by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge