**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES PATRICK RUTTI, JR.,

      Petitioner–Appellant,

v.

WYOMING ATTORNEY GENERAL;
KENNETH L. KELLER, Wyoming
Department of Corrections Honor
Conservation Camp Warden, in his
official capacity,

      Respondents–Appellees.

No. 10-8002

(D. Wyoming)

(D.C. No. 2:07-CV-00138-CAB)

**ORDER**\*

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner seeks a certificate of appealability to appeal the district court's

denial of his 28 U.S.C. § 2254 habeas petition. Petitioner pled guilty in Wyoming

state court to third-degree sexual assault and sexual exploitation of a child by

delivering child pornography. His conviction was affirmed on direct appeal, and

his state court habeas petitions were denied. Subsequently, and only a few days

---

\* This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

before the applicable one-year statute of limitations was set to expire, *see* 28 U.S.C. § 2244(d)(1), Petitioner filed a § 2254 habeas corpus petition in the federal district court. Some months later, he filed a motion requesting voluntary dismissal of the petition without prejudice. The district court granted this motion. Approximately four months later, Petitioner filed a motion to reinstate the dismissed habeas petition. The district court denied the motion to reinstate, and Petitioner filed the instant federal petition. The district court then denied this petition as time-barred. The court noted that, even if it tolled the period when Petitioner's first habeas petition was pending, a total of 482 untolled days would still have passed before the instant petition was filed. The court concluded that Petitioner had not demonstrated extraordinary circumstances warranting equitable tolling, and the court therefore dismissed the petition as time-barred.

In his application for a certificate of appealability, Petitioner argues that he is entitled to equitable tolling because, inter alia, (1) this petition relates back to his original petition, (2) he relied on the district court's representation that he could re-file, (3) he was convicted under an unconstitutional statute and thus is actually innocent of any crime, and (4) he diligently pursued his claims. As for Petitioner's first argument, "a § 2254 petition cannot relate back to a previously filed petition that has been dismissed without prejudice because there is nothing for the current petition to relate back to." *Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) (internal quotation marks omitted). As for Petitioner's second

argument, the record reflects that the first petition was dismissed without prejudice to re-filing, but the district court never represented that a re-filed petition would be free from all potential statutory bars. Moreover, Petitioner's apparent ignorance regarding the legal consequences of a dismissal without prejudice simply does not justify equitable tolling under our precedent. *See id.* at 1220. As for Petitioner's third argument, we will not address it because he did not raise this argument for tolling in the district court. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Finally, as for Petitioner's fourth argument, we note that a petitioner's diligent pursuit of claims only warrants equitable tolling if the petitioner also demonstrates that "extraordinary circumstances beyond his control" caused his failure to comply with the statute of limitations, *see Marsh*, 223 F.3d at 1220, and we are not persuaded that Petitioner has done so here.

For the foregoing reasons and for substantially the same reasons stated by the district court, we conclude that Petitioner has not shown that reasonable jurists would debate whether the district court was correct in dismissing the petition as time-barred. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore **DENY** the application for a certificate of appealability and **DISMISS** the appeal. All other pending motions are also **DENIED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge

-3-