FILED
United States Court of Appeals
Tenth Circuit

March 9, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHAWN MANDEL WINKLER,

        Petitioner–Appellant,

v.

ARISTEDES W. ZAVARAS,
Executive Director, Colorado
Department of Corrections; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents–Appellees.

No. 10-1554
(D.C. No. 1:10-CV-02124-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Petitioner seeks a certificate of appealability to appeal the district court's

denial of his 28 U.S.C. § 2254 habeas petition. In 1994, Petitioner pled guilty to

one count of second-degree burglary and was sentenced to twenty years in prison

plus five years of parole. He did not file a direct appeal, and there were no

pending motions in the state court until Petitioner filed a Rule 35(c) motion in

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

August 2009.  In 2010, Petitioner filed the instant habeas petition which the district court dismissed as untimely based on the one-year limitation period set forth in 28 U.S.C. § 2244(d).

In his opening brief and application for a certificate of appealability, Petitioner argues the district court erred in denying his petition because he suffered substantial violations of his constitutional rights and because the facts underlying his claim of breach of the plea agreement did not occur until years after his sentencing when the state retroactively applied new laws regarding parole and earned-time credits to keep him incarcerated after he should have been eligible for parole.  After carefully reviewing Petitioner's filings and the record on appeal, we conclude that reasonable jurists would not debate whether the district court erred in dismissing the petition as untimely.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  A habeas petitioner is not entitled to equitable tolling simply because he alleges his constitutional rights were violated during his trial or sentencing.  *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  As for Petitioner's claim regarding the alleged breach of the plea agreement, Petitioner asserts he was eligible for parole by November 13, 2000, and the state failed to honor its obligation to release him from incarceration at this point.  Thus, even if we agree with Petitioner that the statute of limitations did not begin to run until he learned that the government did not intend to honor the agreement, the limitations period had clearly expired well before Petitioner filed his petition

complaining of this breach.  *See* 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year limitation period shall run from the latest of, inter alia, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

We therefore **DENY** the application for a certificate of appealability and **DISMISS** the appeal.  We **GRANT** Petitioner's motion for leave to proceed *in forma pauperis.*  All other pending motions are **DENIED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge