**UNITED STATES COURT OF APPEALS**

October 12, 2011

**TENTH CIRCUIT**

JOHN DEAN LOCKETT, JR.,

      Petitioner-Appellant,

v.

JAMES RUDEK, Warden; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 11-6185
(D.C. No. 5:11-CV-00184-R)
(W. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

      John Dean Lockett, Jr., an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's denial of his 28

U.S.C. § 2254 application for federal habeas relief.  Because Lockett has failed to satisfy

the standards for the issuance of a COA, we deny his request and dismiss the matter.

I

      In late 1998, Lockett was arrested and charged in the District Court of Payne

---

    [*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

County, Oklahoma, with robbery in the first degree, after former conviction of two felonies, in violation of Okla. Stat. tit. 21, §§ 791 (Robbery defined) and 797 (Degrees of robbery). The case proceeded to trial in July 1999, where a jury convicted Lockett of the charged offense. Lockett was sentenced, in accordance with the jury's verdict, to fifty years' imprisonment.

Lockett filed a direct appeal asserting five propositions of error, including that he was denied the right to conduct his own defense and was forced against his will to accept the services of a state-appointed public defender. On June 13, 2000, the Oklahoma Court of Criminal Appeals (OCCA) issued a summary opinion affirming Lockett's conviction and sentence. Lockett did not file a petition for writ of certiorari with the United States Supreme Court.

On August 19, 2003, Lockett filed a pro se application for post-conviction relief in state district court. Lockett's application was denied on September 26, 2003. Lockett did not appeal to the OCCA.

Lockett filed a second pro se application for state post-conviction relief in 2010.[1] The state district court denied Lockett's application on October 15, 2010. Lockett appealed to the OCCA, which affirmed the state district court's ruling on January 27, 2011.

---

[1] The precise date of Lockett's filing is not clear. According to the record on appeal, Lockett filed a "PETITION FOR MOTION HEARING" in state district court on May 14, 2010. ROA, Vol. 1 at 27. Lockett subsequently filed a series of pleadings in state district court, including a letter, conclusions of facts and memorandum of law, and a petition for writ of mandamus. Id.

On February 22, 2011, Lockett initiated these federal habeas proceedings by filing a pro se petition pursuant to 28 U.S.C. § 2254. The petition asserted three grounds for relief. First, the petition alleged that Lockett had been convicted of the "non-existant [sic] non-available criminal offense" of "strong arm robbery," and that, consequently, the state trial court could neither "statutorily nor constitutionally impose[] or assess[]" a penalty of imprisonment against Lockett. ROA, Vol. 1 at 7. Second, the petition alleged that Lockett "was forced to trial with counsel that labored under a conflict of interest requiring his potential testimony against his client." Id. Third, the petition alleged that Lockett was "deprived of the right to self-representation." Id. at 8.

Respondent moved to dismiss Lockett's petition as time-barred. On June 14, 2011, the magistrate judge assigned to the case issued a report and recommendation recommending that respondent's motion be granted and the petition dismissed as untimely. In support, the magistrate judge began by noting that under 28 U.S.C. § 2244(d)(1)(A), Lockett had one year from the date his conviction became final in which to file an application for federal habeas relief. The magistrate judge concluded that Lockett's conviction became final on September 11, 2000, when the ninety-day time period for filing a petition for writ of certiorari with the Supreme Court expired. The magistrate judge in turn concluded that the "one-year statute of limitations period began to run the following day, on September 12, 2000, and expired one year later, on September 12, 2001." Id. at 50. Although Lockett argued that the one-year limitations period was inapplicable because he was convicted of a non-existent offense, thereby

3

implicating the subject matter jurisdiction of the state trial court, the magistrate judge

disagreed, noting that neither § 2244(d)(1)(A) nor federal case law recognized such an

exception. The magistrate judge further concluded that Lockett's efforts at state post-

conviction relief did nothing to toll the limitations period because they were filed after the

one-year limitations period had expired. Lastly, the magistrate judge concluded that

Lockett was not entitled to equitable tolling of the limitations period because he

"offer[ed] no explanation for his lack of diligence in pursuing his federal claims

following the . . . affirmance of his conviction and sentence on direct appeal," id. at 54,

and because Lockett "failed to present a substantial claim of actual innocence," id. at 56.

Lockett filed an objection to the report and recommendation asserting that he was

entitled to equitable tolling on the grounds of actual innocence. In support, Lockett

argued that the OCCA, in affirming his conviction and sentence on direct appeal,

misstated that he was convicted of robbery in the first degree, after former conviction of

two felonies, when in fact the evidence actually established that he was charged with and

convicted of the "nonstatutory offense of . . . strong arm robbery . . . ." Id. at 57. Lockett

attached to his objection copies of the following documents from his state court

proceedings: (a) a copy of the judgment and sentence entered by the trial court, which

described the count of conviction as "STRONG ARM ROBBERY," but cited

Oklahoma's "Robbery defined" statute, Okla. Stat. tit. 21, § 791, as the statute of

conviction, id. at 59; (b) a copy of the verdict form describing the charge at issue as

"STRONG ARM ROBBERY," id. at 84; (c) a copy of one of the jury instructions from

4

his trial stating that the "proper punishment" under Oklahoma law "for Strong Arm Robbery after two previous convictions [wa]s imprisonment in the State penitentiary for a term of not less than 20 years," id. at 85; and (d) a copy of the second stage verdict form stating, in pertinent part, "[w]e, the jury, . . . find as follows: [t]he defendant is guilty of the crime of strong arm robbery after two previous convictions and fix punishment at  50 yrs ," id. at 86.  Lockett also argued in his objection that he was "actually innocent of th[e] charge of strong arm robbery" because he "stole [the] victim's car."  Id. at 58.  As support for this argument, Lockett attached to his objection selected pages from the transcript of his preliminary hearing in which the alleged victim testified that, while he was stopped to use an automated teller machine, Lockett approached him, hit him twice, and then stole his car.  Id. at 71.  In Lockett's view, this testimony established that he was guilty "of car theft," id. at 90, but not "robbery in the first degree," id. at 89, or "strong arm robbery," id. at 90.

On July 5, 2011, the district court issued an order adopting the report and recommendation and granting respondent's motion to dismiss.  Id. at 92.  In doing so, the district court rejected Lockett's argument that he was entitled to equitable tolling of the applicable one-year statute of limitations:

> [Lockett] contends that throughout his state-court criminal proceedings that reference was made to "strong arm robbery," which he contends is not a recognized crime in the state.  From the parties' submissions, it is apparent that [Lockett] was charged and convicted of violating Okla. Stat. tit. 22 § 791, which is "Robbery defined."  It is also clear to the Court, despite [Lockett]'s contentions that he merely stole a car, that as the jury found, he indeed violated the provisions of § 791.  Robbery

5

under § 791 is defined as "wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." From the preliminary hearing transcript [Lockett] provided, the victim testified that while he was getting back into his vehicle, which he had left running in the parking lot of a convenience store, that [Lockett] tapped him on the shoulder and asked whose car it was. When the victim responded mine, [Lockett] punched him in the face. Although the victim attempted to gain control over the driver's seat in the car, [Lockett] ultimately took control of the car and drove off. He and his brother were later arrested in the vehicle. Accordingly, although the term "strong arm" robbery was used, and although that term does not appear in the Oklahoma statutes, [Lockett] has failed to present evidence to the Court that the elements of the crime for which he was charged and convicted did not comport with the law of the State. As such, the Court finds no basis for [Lockett]'s actual innocence claim, and he is not entitled to equitable tolling of the statute of limitations.

Id. at 92. The district court also, in that same order, concluded that Lockett was "not entitled to a certificate of appealability, because he ha[d] not made a substantial showing of the denial of a constitutional right." Id. at 92-93. Judgment was entered in the case that same day.

On July 18, 2011, Lockett filed a notice of intent to appeal. He has since filed an application for COA with this court, as well as an opening brief, and a motion to proceed on appeal without prepayment of costs or fees.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a

6

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must also, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The magistrate judge in this case, and in turn the district court, by way of its adoption of the report and recommendation, correctly outlined the controlling standards for assessing the timeliness of a petition for writ of habeas corpus filed pursuant to § 2254. The one-year limitations period generally starts running from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Although the one-year limitations period is subject to equitable tolling, see Holland v. Florida, 130 S.Ct. 2549, 2560, 2562 (2010), we have held that equitable tolling is warranted only "in rare and exceptional circumstances," Gibson v. Klinger, 232 F.3d 799, 8088 (10th Cir. 2000) (internal quotation marks omitted). One such circumstance is if the "prisoner is actually innocent . . . ." Id. When a habeas petitioner seeks equitable tolling on actual

7

innocence grounds, he must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence [of actual innocence]," id., "that was either excluded or unavailable at trial," id. at 328.

After reviewing Lockett's application for COA and the record on appeal, we conclude he has failed to establish that reasonable jurists would find it debatable whether the district court erred in concluding that Lockett was not entitled to equitable tolling of the one-year limitations period. As the district court correctly noted, Lockett's assertion of actual innocence rested not on any evidence of innocence that was excluded or unavailable at the time of trial, but rather upon a technicality, i.e., the state trial court's characterization of the charge at issue as "strong arm robbery," rather than "robbery in the first degree." We agree with the district court that the state trial court's use of the term "strong arm robbery" had no impact on the propriety of the charge and conviction at issue. We further agree with the district court that the preliminary hearing testimony provided by Lockett, the truth of which Lockett concedes, establishes that Lockett was guilty of violating the Oklahoma robbery statutes he was charged with and convicted of violating, Okla. Stat. Ann. tit. 21, §§ 791 and 797.

The application for COA is DENIED and the appeal is DISMISSED. The motion to proceed on appeal without prepayment of costs or fees is DENIED.

Entered for the Court


Mary Beck Briscoe
Chief Judge