**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HARRY WAYNE MILLER, JR.,

      Petitioner-Appellant,

v.

ANITA TRAMMELL, Warden,

      Respondent-Appellee.

No. 11-7061
(D.C. No. 6:10-CV-00487-FHS-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

In 2007 an Oklahoma state court sentenced Harry Miller, Jr., to prison for making a lewd or indecent proposal to a child. In 2010, he filed an application for state post-conviction relief and, when that failed, a federal habeas petition under 28 U.S.C. § 2254. In the latter petition Mr. Miller acknowledged his filing was untimely, given the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1), but he argued that he was entitled to equitable tolling because he

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

had limited access to a prison law library and required more time to learn how to type and prepare his petition. The district court held that Mr. Miller's circumstances did not warrant equitable tolling, dismissed the petition as untimely, and declined to issue a certificate of appealability ("COA"). Now in this court, Mr. Miller renews his request for a COA.

When the district court dismisses a § 2254 petition on procedural grounds we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That standard is not met here. Equitable tolling is available only "in rare and exceptional circumstances" such as "when an adversary's conduct . . . prevents a prisoner from timely filing." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). "Simple excusable neglect" — including neglect based on "a claim of insufficient access to relevant law" — "is not sufficient." *Id.* As the district court recognized, however, that is all Mr. Miller alleged in the district court. Before us, Mr. Miller also argues for the first time that he has psychiatric conditions that made timely filing impossible — but there are no facts in the record supporting this claim and we cannot say that the district court erred in failing to consider this ground for equitable tolling.

Mr. Miller's application for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge