FILED
United States Court of Appeals
Tenth Circuit

July 16, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LYNDAL D. RITTERBUSH,

　　Petitioner - Appellant,

v.

LARRY BENZON,

　　Respondent - Appellee.

No. 19-4074
(D.C. No. 2:17-CV-00913-RJS)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**
_____

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on Lyndal D. Ritterbush's pro se request for a

certificate of appealability ("COA"). Ritterbush seeks a COA so he can appeal the district

court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 habeas petition. *See* 28

U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from "a final order in a habeas

corpus proceeding in which the detention complained of arises out of process issued by a

State court" without first obtaining a COA); *id.* § 2244(d)(1) (setting out a one-year

statute of limitations on § 2254 petitions, running from the date on which the conviction

became final). Because Ritterbush has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and

**dismisses** this appeal.

In 1984, Ritterbush pleaded guilty in Utah state court to attempted aggravated sexual abuse of a child, a first degree felony. On November 23, 1984, the trial court sentenced him to a term of imprisonment of from five years to life. Ritterbush filed the instant § 2254 habeas petition in 2017. Upon the state of Utah's motion, the district court dismissed Ritterbush's petition as untimely. In so doing, the district court noted that because Ritterbush's conviction became final before Congress passed the Antiterrorism and Effective Death Penalty Act of 1996, Ritterbush had to file his federal habeas petition within one year of April 24, 1996. *See Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000). Instead, Ritterbush filed his § 2254 petition some twenty-one years later. The district court further noted Ritterbush was not entitled to statutory tolling because he did not file a state-court request for collateral relief within the relevant time period. *See* 28 U.S.C. § 2244(d)(2); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Finally, the district court determined Ritterbush had not demonstrated the kind of extraordinary circumstances that would come close to equitably tolling the extreme twenty-year delay in the filing of his habeas petition. *See Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (holding that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances" (quotation omitted)).

The granting of a COA is a jurisdictional prerequisite to Ritterbush's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the

2

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 motion on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Ritterbush has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Ritterbush need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted). As a further overlay on this standard, we review for abuse of discretion the district court's decision that Ritterbush is not entitled to have the limitations period set out in § 2244(d)(1) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Ritterbush's appellate filings, the district court's order of dismissal, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El* and *Slack*, we conclude Ritterbush is not entitled to a COA. The district court's resolution of Ritterbush's § 2254 motion is not deserving of further proceedings or subject to a different resolution on appeal. In so concluding, there is no need for this court to repeat the cogent and convincing analysis set out in the district court's order. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (holding that the

3

process of resolving whether a petitioner is entitled to a COA should not devolve into a determination of the merits). Accordingly, this court **DENIES** Ritterbush's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge