**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 24, 2006**

**TENTH CIRCUIT**

JAMES MURL BULLOCK,

            Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

            Respondent-Appellee.

No. 06-6051

(D.C. No. 05-CV-215-W )

(W. D. Okla.)

---

**ORDER**

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

This is a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

Following a plea of guilty, Petitioner was sentenced to twenty-five years'

imprisonment for attempted manufacturing of controlled dangerous substances

conjointly with others. Petitioner's motion to withdraw his guilty plea and his

direct appeals in the Oklahoma state courts were unsuccessful. His petition for

post-conviction relief, which raised claims of ineffective assistance of counsel

and lack of probable cause, was denied by the state district court. His appeal

from that denial was dismissed by the Oklahoma Court of Criminal Appeals as

untimely.

In his petition for federal habeas corpus, he again raised ineffective

assistance of counsel and lack of probable cause (properly characterized as a

claim of actual innocence). The magistrate judge recommended denial of the petition on the ground that it was procedurally defaulted. The district court adopted that recommendation. Petitioner filed a Notice of Intent to Appeal, which the district court construed as a request for a certificate of appealability and denied. Petitioner then requested a certificate of appealability from this court.

The magistrate judge's Report and Recommendation adequately and correctly sets forth the facts relating to state procedural default. We agree with the magistrate judge that Petitioner's attempt to show a miscarriage of justice by arguing actual innocence is without support in the record. His affidavit on this issue did not address the crime of which he was convicted or otherwise demonstrate actual innocence.

To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Petitioner's brief, the magistrate judge's Report and Recommendation, the district court's disposition, and the record on

appeal. Nothing in the facts, the record on appeal, or Petitioner's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the reasons set forth in the magistrate judge's Report and Recommendation, we hold that no reasonable jurist would debate the correctness of the trial court's order dismissing the petition for habeas corpus.

Accordingly, we **GRANT** the petition to proceed *in forma pauperis,* **DENY** the request for a certificate of appealability, and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge