**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THOMAS JOSEPH CHRISMAN,

    Petitioner - Appellant,

v.

LARRY BENZON,

    Respondent - Appellee.

No. 19-4137
(D.C. No. 2:17-CV-00985-TC)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the

District of Utah asserting claims of ineffective assistance of counsel, prosecutorial

misconduct, actual innocence based on newly discovered evidence, and double

jeopardy. The district court dismissed Petitioner's § 2254 habeas petition as untimely

and denied Petitioner a certificate of appealability. Exercising jurisdiction under 28

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

U.S.C. § 2253(a), we deny Petitioner a certificate of appealability and dismiss Petitioner's appeal.

If the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability will issue when the petitioner shows "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" *and* "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The petitioner must satisfy both parts of this threshold inquiry before we can hear the merits of the appeal. *Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000).

Here, the district court dismissed Petitioner's habeas petition as time-barred. After carefully reviewing Petitioner's brief, the district court's order of dismissal, and the record on appeal, we agree with the district court that Petitioner's claims are untimely. Petitioner's attempt to show actual innocence is without support in the record, and Petitioner raises no other grounds supporting equitable tolling. *See Bullock v. Franklin*, 201 F. App'x 644, 645 (10th Cir. 2006) (unpublished) (denying a certificate of appealability when claims of actual innocence are not supported by the record). For substantially the same reasons set forth in the district court's order, we hold that no reasonable jurist would find it "debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

Accordingly, we GRANT Petitioner's motion to proceed *in forma pauperis*, DENY Petitioner a certificate of appealability, and DISMISS this appeal.


Entered for the Court


Bobby R. Baldock
Circuit Judge