**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PEDRO MERCADO,

     Petitioner - Appellant,

v.

DEAN WILLIAMS, Exec. Director,
C.D.O.C; THE ATTORNEY GENERAL
OF THE STATE OF COLORADO,

     Respondents - Appellees.

No. 20-1108
(D.C. No. 1:19-CV-03056-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Petitioner Pedro Mercado, a Colorado state prisoner proceeding pro se, filed a

habeas petition under 28 U.S.C. § 2254 in the District of Colorado.  Therein, he alleged:

(1) "denial of [the] right to confront witness[es] against [him] and of fair trial" in violation

of the Sixth and Fourteenth Amendments; (2) ineffective assistance of trial counsel; and

(3) ineffective assistance of direct appeal counsel.  The action was referred to Magistrate

Judge Gallagher pursuant to 28 U.S.C. § 636(b).  Thereafter, Magistrate Judge Gallagher

entered a report and recommendation which concluded Mr. Mercado's habeas petition is

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

untimely. Magistrate Judge Gallagher further found Mr. Mercado is not eligible for equitable tolling and recommended the habeas petition be dismissed. After overruling Mr. Mercado's objections to the report and recommendation, the district court adopted the recommendation in its entirety, dismissed the habeas petition as time-barred, and denied a certificate of appealability ("COA"). Now, Petitioner seeks a COA from this court.

If the district court dismisses a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, a COA will issue when the petitioner shows "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" *and* "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The petitioner must satisfy both parts of this threshold inquiry before we will hear the merits of the appeal. *Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000).

For the reasons explained below, no reasonable jurist could conclude the district court's procedural ruling was incorrect. Mr. Mercado's claims are untimely under 28 U.S.C. § 2244(d), and he is not entitled to statutory or equitable tolling. Therefore, exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Mercado's application for a COA and dismiss this appeal.

\* \* \*

A petitioner must generally seek habeas relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The one-year limitation

2

period will be tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). In this case, Mr. Mercado's conviction became "final" on October 24, 2011, when the time to seek further direct review expired. *See id.* Mr. Mercado did not file a motion for post-conviction relief until January 4, 2013—approximately two months after the one-year limitation period expired on October 24, 2012. Accordingly, Mr. Mercado's habeas application is untimely unless he is entitled to equitable tolling.

The one-year limitation period prescribed by 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in "rare and exceptional" circumstances. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). A petitioner may be entitled to equitable tolling if: (1) he is actually innocent; (2) an adversary's conduct—or other uncontrollable circumstances—prevents him from timely filing; or (3) he actively pursues judicial remedies but files a defective pleading during the statutory period. *Gibson*, 232 F.3d at 808. In each of these cases, the petitioner must show he diligently pursued his federal habeas claims. *Id.* Excusable neglect is insufficient to support equitable tolling. *Id.*

Here, Mr. Mercado argues he is entitled to equitable tolling because "direct appeal counsel did not notify [him] when his conviction was affirmed on direct appeal . . . nor did counsel file a petition for writ of certiorari to the Colorado Supreme Court." Mr. Mercado thus contends he did not know the one-year limitation period was running (or had expired). Mr. Mercado's claim is without merit.

3

In a state court evidentiary hearing, appellate counsel confirmed that Mr. Mercado was informed when his direct appeal concluded. The state court accepted this statement as true, and we are bound by the state court's factual finding absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). Not only does Mr. Mercado fail to present *any* evidence to the contrary—the evidence actually supports the state court's conclusion that Mr. Mercado knew his direct appeal had ended. As Magistrate Judge Gallagher recognized in his report and recommendation, Mr. Mercado sought an extension of time to file for state post-conviction relief on October 10, 2012. By filing that motion for an extension of time, Mr. Mercado necessarily realized that Colorado had concluded its direct review of his conviction. And yet, Mr. Mercado did not seek a similar extension of time to file for federal habeas relief. Given Mr. Mercado's failure to diligently pursue his federal habeas claim, he is not entitled to equitable tolling.

\* \* \*

For these reasons, no reasonable jurist could conclude the district court's procedural ruling was incorrect. Mr. Mercado's claims are time-barred, and he is not eligible for equitable tolling. We therefore deny his application for a COA and dismiss this appeal. Mr. Mercado's motion to proceed *in forma pauperis* is granted.

Entered for the Court

Bobby R. Baldock
Circuit Judge

4